David P. Finn, Esq. (Cal. Bar No. 249247)
david@finntrialattorneys.com
FINN TRIAL ATTORNEYS, APC
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4805

Alvin M. Gomez, Esq. (Cal. Bar No. 137818)
alvingomez@thegomezlawgroup.com
Boris Smyslov, Esq. (Cal. Bar No. 297252)
boris@thegomezlawgroup.com
GOMEZ LAW GROUP, P.C.
2725 Jefferson Street, Suite 3
Carlsbad, CA 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY MOORER BABY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN BERNARDINO; B. OLSON, in his individual and official capacities; and DOES 1–20, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)<br>2. False Arrest (42 U.S.C. § 1983)<br>3. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability – Failure to Train (42 U.S.C. § 1983)<br>5. Battery<br>6. Negligence<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

1.   Plaintiff, ANTHONY MOORER BABY, by and through his undersigned counsel, complains and alleges as follows:

**INTRODUCTION**

2.     This civil rights action arises from a violent and racially motivated police assault by police officer B. OLSON of the San Bernardino Police Department. On September 2, 2024, Plaintiff ANTHONY MOORER BABY, a 22-year-old Black man with no criminal record, was unlawfully stopped, forcibly removed from his vehicle, and brutally beaten.

3.     The assault occurred while B. OLSON was equipped with a body-worn camera (BWC), which he disabled just prior to delivering repeated punches and kicks to Plaintiff. The beating was partially captured on the BWC before it was turned off. Plaintiff's cries of pain are heard even after the video feed ceases.

4.     After the beating, Plaintiff was falsely arrested and held in custody for four days before all criminal charges were dropped. He suffered physical and emotional injuries.

5.     This lawsuit seeks redress for the violations of Plaintiff's constitutional and statutory rights by police officer B. OLSON and the City of San Bernardino, whose policies and failure to train and supervise led directly to this unlawful violence.

**PARTIES**

6.     At all relevant times, Plaintiff ANTHONY MOORER BABY was an individual residing in the San Bernardino County, California.

7.     At all relevant times, Defendant City of San Bernardino ("CITY") is and was a duly organized public entity, existing under the laws of the State of California. The San Bernardino Police Department is a division of the CITY. Defendant B. OLSON is a sworn law enforcement officer employed by the San Bernardino Police Department. He is sued in his individual and official capacities. At all relevant times, CITY was the employer of Defendants B. OLSON and DOES 1-20, who were CITY police officers, DOES 10-15, who were CITY police supervisorial officers, and DOES 16-20, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, B. Olson and DOES 1-20

were residents of San Bernardino County, California. DOES 1-20 are sued in their individual and official capacity.

8. At all relevant times, Defendants B. OLSON and DOES 1-20 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, Defendants B. OLSON and DOES 1-20 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non- elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants B. Olson and DOES 1-20 were acting on the implied and actual permission and consent of CITY.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12. The true names of defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred in San Bernardino County, within the Central District of California.

15. On or about April 3, 2025, Plaintiff filed a claim with the City of San Bernardino pursuant to the California Tort Claims Act ("CTCA"). Because the claim was filed 30 days past the six-month CTCA deadline, Plaintiff included an Application to File a Late Claim with the City of San Bernardino. On May 9, 2025, the City of San Bernardino denied Plaintiff's Application to File a Late Claim.

16. Plaintiff intends to file a Petition with this Court to allow Plaintiff to allege claims under state law theories of liability. Plaintiff includes state law claims herein conditionally and will amend or withdraw them upon the Court's ruling on leave to present a late claim.

## GENERAL ALLEGATIONS

17. The California Supreme Court has provided that Officers of a City's Police Department are under the same obligation to not cause injuries to the others as private persons: "Except when otherwise provided by law, public employees in California are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions, subject to the same defenses available to private persons. Cal. Gov. Code, § 820. Also, public entities are generally liable for injuries caused by the negligence of their employees acting in the scope of their employment. *Id.*, § 815.2.; *see also*, *Hayes v. County of San Diego,* 57 Cal.4th 622, 628-629 (2013).

18. At all times herein mentioned, and prior thereto, Defendant CITY had a duty to:

(a) Objectively investigate claims of excessive force, where appropriate, reprimand, retrain, instruct, or sanction CITY peace officers found to have used excessive force;

(b) Train and instruct CITY peace officers to respect and not violate federal and constitutional statutory rights of individuals similarly situated to and including Plaintiff;

     (c)    Supervise CITY peace officers to ensure that they do not have a practice or pattern of excessive force, including covering up of excessive force;

     (d) Investigate officer involved uses of excessive force in a manner consistent with accepted criminal investigations to avoid cover ups of excessive force and misconduct;

     (e)    To train, instruct, and supervise CITY peace officers on policies and procedures implemented by the CITY in use of force, among other policies and procedures such as the obligation and duty to adhere and follow Police Officer Standards and Training (POST). There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiff will amend this Complaint at the appropriate time, or prove said facts at the time of trial;

     (f) To train, instruct, and supervise CITY peace officers on policies and procedures implemented by the CITY in the duty to intercede, and to prevent any wrongdoing by fellow peace officers, among other policies and procedures such as the obligation and duty to intervene when a peace officer and to adhere and follow Police Officer Standards and Training (POST). There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiff will amend this Complaint at the appropriate time, or prove said facts at the time of trial

19. Plaintiff is informed and believes that Defendant CITY failed to properly train its employees and peace officers, including each individual Defendant, regarding these policies.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. On September 2, 2024, at approximately 8:48 p.m., Plaintiff was driving in the area of West 7th Street and North G Street in San Bernardino when he was detained by police officer B. OLSON for an alleged traffic violation.

21. Plaintiff had not committed any criminal violation. B. OLSON initiated the stop based on Plaintiff's race and presence in the neighborhood.

22. Without warning or justification, B. OLSON ordered Plaintiff out of the vehicle, forcibly removed him, and began to physically assault him.

23. Based on information and belief, B. OLSON then disabled his body-worn camera. Prior to its deactivation, the BWC shows B. OLSON acting aggressively without provocation. The audio continues after the video feed ends, capturing Plaintiff's screams and the sound of repeated blows.

24. Plaintiff sustained facial lacerations, contusions, and severe back pain. He was taken to jail and detained for four days based on fabricated charges.

25. All criminal charges were dropped when the partial BWC was finally provided to Plaintiff's criminal defense attorney.

26. During the traffic stop and after, Plaintiff was under the custody and control of Defendants CITY, B. OLSON, and DOES 1-20, who engaged in the following excessive and unlawful behavior in violation of Title 42 U.S.C. Sections 1983, 1988, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States and the State of California, including but not limited to the following conduct, action and inaction:

    a. Stopping Plaintiff based on racial profiling;

    b. Physically pulling Plaintiff out of his vehicle without cause;

    c. Disabling Body Worn Camera to hide evidence of excessive and unlawful force;

    d. Using excessive and unlawful force on Plaintiff during the beating;

    e. Failing to intervene as B. OLSEN committed these unlawful acts;

    f. Continuing to detain Plaintiff for several days based on fabricated charges and allegations;

    g. Failing to properly investigate the use of excessive force;

    h. Defendants DOES 1 to 20 failed to intervene when they observed the

excessive force conduct of other DOES;

　　　i.　DOES 1 through 20, contributed to the excessive force on Plaintiff by assisting and engaging in the use of excessive force on Plaintiff which led to his injuries.

27.　Defendants B. OLSON and DOES 1 through 20, in violation of the policies and procedures of the CITY, the State of California and the United States, violated the constitutional rights of the Plaintiff in that said Defendants had no reasonable grounds to use excessive force on Plaintiff.

28.　Defendants B. OLSON and DOES 1 through 20, violated the training, custom and practice of the CITY by using force and against Plaintiff in a manner which is in violation of its policies, practices and procedures.

29.　Plaintiff is informed and believes and thereon alleges that said Defendants B. OLSON and DOES 1 through 20 and each of them, lacked proper training and qualifications in dealing with the use of force. The lack of training by said Defendants is evidenced in their conduct in improperly using force as set forth in this Complaint.

30.　Plaintiff suffered unnecessary and prolonged pain, emotional distress, physical injury, and an increased risk of permanent damage to his back.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against Defendant B. OLSON and DOES 1 through 20)

31.　Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32.　On September 2, 2024, police officer B. OLSON used objectively unreasonable force under the circumstances, violating Plaintiff's rights under the Fourth Amendment.

33.　The force was unnecessary, malicious, and intended to punish Plaintiff rather than effect a lawful arrest in violation of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth

Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. The unreasonable use of force by Defendant B. OLSON and DOES 1 to 20, deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result, Plaintiff suffered extreme mental and physical pain and suffering, loss of enjoyment of life, and potential long term health effects.

36. As a result of the conduct of B. OLSON and DOES 1 to 20, they are liable for Plaintiff's injuries because they were integral participants in the excessive force.

37. The use of force was excessive because there was no risk of harm or noncompliance from Plaintiff, the involved officers did not deescalate the situation despite it being feasible to do so, and there were other reasonable options available other than beating up the Plaintiff.

38. This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was posing no danger to any person and was complying with all lawful orders. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

39. Said Defendants B. OLSON and DOES 1 through 20, and each of them, deprived the Plaintiff of his rights when they were acting under color of state law and of statutes, ordinances, regulations, and customs and usages of the Law of the United States, State of California County of San Bernardino, which rights are included but not limited to, privileges and immunities secured to Plaintiff by the constitution and laws of the State, and particularly:

   (a) The right to be free from excessive or unreasonable force in violation of his rights protected under the Fourth Amendment; and

   (b) The right to be treated fairly and justly;

(c) The right to not be exposed by officers who are not properly trained, supervised and managed; and

(d) The right to be free from unreasonable searches and seizures protected under the Fourth Amendment including excessive force.

40. Each of these deprivations of rights lead to the severe injuries to Plaintiff which substantially caused damages to Plaintiff.

41. The conduct of B. OLSON and DOES 1 to 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants B. OLSON and DOES 1 to 20.

42. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—False Arrest (42 U.S.C. § 1983)**

(By Plaintiff against B. OLSON and Defendants DOES 1-20)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. On September 2, 2024, without reasonable suspicion or probable cause, Defendant B. OLSON unlawfully detained, arrested, and caused the continued detention of Plaintiff, violating his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution, as applied to state actors by the Fourteenth Amendment.

45. Plaintiff had not engaged in any criminal conduct or activity that would justify a detention or arrest under prevailing legal standards. The arrest was pretextual, retaliatory, and racially motivated.

46. Defendant B. OLSON falsely accused Plaintiff of criminal activity to justify the unlawful seizure. Plaintiff was then incarcerated for four days before all charges were dismissed without explanation.

47. The arrest and detention of Plaintiff were unreasonable and unlawful under clearly established constitutional principles and were carried out without a valid warrant, judicial authorization, or legal justification.

48. As a result, Plaintiff suffered extreme emotional distress, loss of liberty, public humiliation, and psychological trauma, including symptoms consistent with post-traumatic stress disorder.

49. Defendant B. OLSON and DOES 1 through 20, and each of them, participated in or failed to intervene in the unlawful detention and prolonged incarceration of Plaintiff, and are liable for Plaintiff's injuries as integral participants.

50. Defendants' actions deprived Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution and laws of the United States, including but not limited to:

    (a) The right to be free from arrest and detention without probable cause under the Fourth Amendment;

    (b) The right to be free from unreasonable seizure of his person;

    (c) The right to liberty and due process under the Fourteenth Amendment; and

    (d) The right to not be subjected to state-sanctioned abuse and retaliation for asserting his civil rights.

51. The conduct of Defendants was willful, wanton, malicious, and carried out with deliberate indifference to Plaintiff's constitutional rights, thereby entitling Plaintiff to punitive damages against the individual defendants.

52. Plaintiff also seeks attorney's fees under 42 U.S.C. § 1988 for the vindication of his civil rights.

### THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants CITY and Does 11-20)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. On and for some time prior to September 2, 2024 (and continuing to the present date) Defendants DOES 11-20, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including B. OLSON and DOES 1-10, whom Defendants DOES 11-20, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including B. OLSON and DOES 1-10, and failing to institute appropriate policies, regarding the use of excessive force and providing medical care;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force and failing to provide medical care, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 11-20 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY police officers, B. OLSON, and DOES 1-10, with respect to handling traffic stops without using excessive force.

55. By reason of the aforementioned policies and practices of Defendants DOES 11-20, Plaintiff was severely injured and subjected to pain and suffering.

56. Defendants DOES 11-20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

57. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 11-20, acted with an intentional, reckless, and callous disregard for the Plaintiff' constitutional rights. Defendants DOES 11-20, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

58. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 11-20, were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

59. By reason of the aforementioned acts and omissions of Defendants DOES 11-20, Plaintiff suffered unnecessary and prolonged pain, emotional distress, physical injury, and an increased risk of permanent damage to his wrist and surrounding structures.

60. Accordingly, Defendants DOES 11-20, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

61. Plaintiff also seek attorney fees under this claim.

///

# FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiff against Defendants DOES 11-20 and CITY)

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. While acting under the color of state law and within the course and scope of their employment as police officers for the CITY Police Department, DOES 1 through 20, deprived Plaintiff of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

64. The training policies of the defendant CITY police department were not adequate to train its police officers, including but not limited to, DOES 1 to 20, with regards to using force. As a result, CITY police officers, including B. OLSON and DOES 1 to 20, are not able to handle the usual and recurring situations with which they must deal, including not injuring detainees and getting detainees prompt medical care. These inadequate training policies existed prior to the date of this incident and continue to this day.

65. The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including B. OLSON and DOES 1 to 20, adequately with regards to using force. This inadequate training includes failing to teach officers to not pull people out of their vehicles for no reason and subject them to physical beatings.

66. CITY was aware that failure to implement some sort of training with regards to their officers' use of force, would result in continuing to have numerous unreasonable injuries and inhuman treatment at county jails.

67. The failure of the Defendant CITY police department to provide adequate training with regards using force caused the deprivation of the Plaintiff's rights by B. OLSON and DOES 1 to 20. In other words, the Defendant's failure to train is so

closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

68. By failing to provide adequate training to CITY police officers, B. OLSON and DOES 1 to 20, acted with an intentional, reckless, and callous disregard for the Plaintiff's constitutional rights. Defendants B. OLSON and DOES 1-20, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

69. By reason of the aforementioned acts and omissions of Defendants B. OLSON and DOES 1-20, Plaintiff suffered unnecessary and prolonged pain, emotional distress, physical injury, and an increased risk of permanent damage to his wrist and surrounding structures.

70. Accordingly, Defendants B. OLSON and DOES 1-20, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

71. Plaintiff also seek statutory attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiff against all Defendants)

72. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. B. OLSON and DOES 1 to 20, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally pulled Plaintiff from his vehicle and subjected him to a physical beating. During this time Plaintiff was not posing any danger to any other person. As a result of the actions of B. OLSON and DOES 1 to 20, Plaintiff suffered severe mental and physical pain and suffering, loss of enjoyment of life and potential permanent damage to his wrist and surrounding area. B. OLSON and DOES 1 to 20 had no legal justification for using force against Plaintiff and said Defendants' use of force while carrying out their

officer duties was an unreasonable use of force. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental pain and has been injured in mind and body.

74. CITY is vicariously liable for the wrongful acts of B. OLSON and DOES 1 to 20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75. The conduct of B. OLSON and DOES 1 to 20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(By Plaintiff against all Defendants)

76. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. The actions and inactions of the Defendants were negligent, including but not limited to the following conduct, action and inaction:

a. Stopping Plaintiff based on racial profiling;

b. Physically pulling Plaintiff out of his vehicle without cause;

c. Disabling Body Worn Camera to hide evidence of excessive and unlawful force;

d. Using excessive and unlawful force on Plaintiff during the beating;

e. Failing to intervene as B. OLSON committed these unlawful acts;

f. Continuing to detain Plaintiff for several days based on fabricated charges and allegations;

g. Failing to properly investigate the use of excessive force;

h. Defendants DOES 1 to 20 failed to intervene when they observed the

excessive force conduct of other DOES;

    i. DOES 1 through 20, contributed to the excessive force on Plaintiff by assisting and engaging in the use of excessive force on Plaintiff which led to his injuries.

As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and potentially permanent injury. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

78. CITY is vicariously liable for the wrongful acts of B. OLSON and DOES 1 to 20 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiff against Defendants DOES 1 to 20)

79. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

81. Conduct that violates the Fourth Amendment violates the California Bane Act.

82. Defendants B. OLSON and DOES 1 to 20 use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was not presenting a danger. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

83. B. OLSON and DOES 1 to 20 intentionally violated Plaintiff's rights by using excessive force against Plaintiff, including but not limited to, pulling him from his vehicle and subjecting him to a physical beating. Further, these acts by B. Olson and DOES 1 to 20 demonstrate that they had a reckless disregard for Plaintiff's constitutional rights.

84. Plaintiff did not pose a threat of harm and Plaintiff never verbally threatened anyone. There is direct and circumstantial evidence that B. OLSON and DOES 1 to 20 committed these acts based on the race of the Plaintiff.

85. B. OLSON and DOES 1 to 20, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

86. Plaintiff was caused to suffer extreme mental and physical pain and suffering and potentially permanent injury.

87. The conduct of B. OLSON and DOES 1 to 20 was a substantial factor in causing the harms, losses, injuries, and damages to Plaintiff.

88. CITY is vicariously liable for the wrongful acts of B. OLSON and DOES 1 to 20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89. The conduct of B. OLSON and DOES 1 to 20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff entitling Plaintiff to an award of exemplary and punitive damages.

90. The Plaintiff also seeks attorney fees under this claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendants as follows:

1. For general and compensatory damages in excess of $3,000,000, in the amount to be proven at trial;
2. For punitive damages against the individual defendants in an amount to be proven at trial;
3. For interest;
4. For reasonable costs of this suit and attorneys' fees; and
5. For such further other relief as the Court may deem just, proper, and appropriate.
6. For treble damages under Civil Code Section 52.1.

DATED:   August 1, 2025            FINN TRIAL ATTORNEYS, APC
                                   Gomez Law Group, P.C.
                                   By:

                                   _____
                                   DAVID P. FINN, Esq.
                                   Alvin M. Gomez, Esq.
                                   Boris Smyslov, Esq.
                                   Attorneys for Plaintiff Anthony Moorer Baby

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

DATED: August 1, 2025

FINN TRIAL ATTORNEYS, APC
Gomez Law Group, P.C.
By:

_____
DAVID P. FINN, Esq.
Alvin M. Gomez, Esq.
Boris Smyslov, Esq.
Attorneys for Plaintiff Anthony Moorer Baby